IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISRAEL ROJAS MARQUEZ, | § | |
| A #074022992, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:25-CV-2515-S-BW |
| | § | |
| U.S. IMMIGRATION AND | § | |
| CUSTOMS ENFORCEMENT, | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on September 17, 2025.  (Dkt. No. 3.)  Based on the relevant filings and applicable law, the Court should **DISMISS** the petition without prejudice as moot.

## I.  BACKGROUND

Israel Rojas Marquez, then an immigration detainee at the Prairieland Detention Center in Alvarado, Texas, filed a habeas corpus petition under 28 U.S.C. § 2241 claiming that his prolonged detention by United States Immigration and Customs Enforcement ("ICE") violated 8 U.S.C. § 1231(a)(6) and his due process rights under the Fifth Amendment.  (*See id.* at 6.)  He sought immediate release from that detention.  (*See id.* at 7.)

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

On November 21, 2025, Respondent filed a response in opposition to Marquez's § 2241 petition.  (*See* Dkt. No. 6.)  Marquez did not file a reply.  Because it appeared to the Court from available online records that Marquez was no longer in ICE custody, the Court entered an order on February 2, 2026 requiring Respondent to file a notice specifically addressing Marquez's current custodial status and its effect, if any, on the § 2241 petition.  (*See* Dkt. No. 8.)  On February 4, 2026, Respondent filed a status update seeking dismissal of the petition for lack of jurisdiction as moot based on Marquez's removal from the United States.  (*See* Dkt. No. 9.)  The supporting document submitted with Respondent's status update shows that Marquez was removed from the United States on December 5, 2025.  (*See id.* at 4-5.)

## II.  MOOTNESS

"Article III of the Constitution limits . . . federal-court jurisdiction[] to 'Cases' and 'Controversies.'"  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . .  The parties must continue to have a 'personal stake in the outcome' of the lawsuit.  This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal citations and quotation marks omitted).

Here, Marquez contended that his immigration detention by ICE violated § 1231(a)(6) and the due process clause of the Fifth Amendment.  (*See* Dkt. No. 3 at 6.)  In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that detention of an alien subject to a final order of removal is limited to a period reasonably necessary to bring about his removal from the United States, which is presumably six months, and that he must thereafter be released if "there is no significant likelihood of removal in the reasonably foreseeable future."  *Id.* at 701.  Marquez challenged only the lawfulness of his prolonged detention and sought immediate release from ICE custody.  (*See* Dkt. No. 3 at 6-7.)

Because Respondent's evidence shows that Marquez is no longer detained and has been removed from the United States, Marquez's claims challenging the lawfulness of his detention are moot.  *See, e.g.*, *Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (holding that the petitioner's challenge to the duration of his detention pending removal became moot when he was removed from the United States).  The Court therefore should dismiss Marquez's § 2241 petition as moot.

## III.  RECOMMENDATION

The Court should **DISMISS** the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on September 17, 2025 (Dkt. No. 3), without prejudice as moot.

**SO RECOMMENDED** on February 6, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  _See_ 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  _See Douglass v. United Services Automobile Ass'n_, 79 F.3d 1415, 1417 (5th Cir. 1996), _modified by statute on other grounds_, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

4